IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO DELGADO SIERRA,

Defendant.

CRIMINAL NO. 13-327 (CCC)

**REPORT AND RECOMMENDATION**

Defendant Pedro Delgado Sierra was charged in a One Count Information wherein from on or about August 23, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly and unlawfully aided and abetted in the possession in and affecting interstate commerce, a firearm and ammunition, as those terms are defined in Title 18, United States Code, Section 921(a)(3) and (17)(A) respectively, that is a loaded Glock pistol Model 22, 0.40 caliber, bearing serial number KNV-624 with a 30 rounds capacity magazine. All in violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(2) and Section 2.

On June 10, 2013, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to the only count of the Information, upon being advised of his right to have said proceedings before a district

United States v. Pedro Delgado Sierra
Criminal No. 13-327 (CCC)
Report and Recommendation
Page No. 2

---

judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charge contained in above-stated the only count of the Information, he was examined and verified as being correct that he had consulted with his counsel Luis A. Guzmán prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

  As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Guzman, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

  Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents

United States v. Pedro Delgado Sierra
Criminal No. 13-327 (CCC)
Report and Recommendation
Page No. 4

---

entitled "Plea Agreement (Pursuant to Fed.R.Crim.P. 11(c)(1)(B))" and "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the penalties prescribed by statute for the count charged in the Information and to which he was pleading guilty which is a term of imprisonment of not more than ten (10) years, a fine not greater than two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of no more than three (3) years.

Defendant shall pay a special assessment of one-hundred dollars ($100.00), as required by 18 U.S.C. § 3013(a).

The above-captioned parties' estimate and agreement appear on page four, paragraph seven of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. The Base Offense Level is of Twenty (20), the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time he committed the instant offense. A decrease of three (3) levels is agreed for acceptance of responsibility. The Total Base Offense Level is Seventeen (17), yielding an imprisonment range of twenty-four (24) to thirty (30) months assuming a Criminal History Category of I; twenty-seven (27) to thirty-three (33) months assuming a Criminal History Category of II; thirty (30) to thirty-seven (37) months

---

[2] Defendant acknowledged discussing the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same. Defense counsel indicated he explained the content of the supplement and its consequences to defendant.

assuming a Criminal History Category of III; thirty-seven (37) to forty-six (46) months assuming a Criminal History Category of IV; forty-six (46) to fifty-seven (57) months ssuming a Criminal History Category of V; and fifty-one (51) to sixty-three (63) months assuming a Criminal History Category of VI.

The parties agree to recommend a term of imprisonment at the lower end of the applicable guideline range. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

The parties make no stipulation as to defendant's Criminal History Category.

The United States and the defendant agree that no further adjustment or departures to the defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by defendant. The parties agree that any request by defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a loaded Glock pistol Model 22, 0.40 caliber, bearing serial number KNV-624, the high capacity magazine and the ammunition seized.

Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Section 922(g)(3) as set forth in Count One of the Information, and

that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. 2461(c).

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

After sentencing, the United States of America will move to dismiss the pending counts of Indictment 12-676(CCC), if defendant is sentenced pursuant to the terms, conditions and recommendations of the Plea Agreement.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.  Defendant was also read and shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

United States v. Pedro Delgado Sierra
Criminal No. 13-327 (CCC)
Report and Recommendation
Page No. 7

      Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

      Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

United States v. Pedro Delgado Sierra
Criminal No. 13-327 (CCC)
Report and Recommendation
Page No. 8

---

Defendant was read the Information in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 13-327 (CCC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 13-327 (CCC).

**IT IS SO RECOMMENDED.**

The sentence will be scheduled by Hon. Carmen C. Cerezo, District Judge.

San Juan, Puerto Rico, this 11th day of June of 2013.

             s/ CAMILLE L. VELEZ-RIVE
             CAMILLE L. VELEZ-RIVE
             UNITED STATES MAGISTRATE JUDGE